# SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold Lakind

Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Bruce M. Sattin***
Gregg E. Jaclin**
Robert P. Panzer
Benjamin T. Branche*
Eric M. Stein**

Of Counsel
Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Janine Danks Fox*
Richard A. Catalina Jr.*†
E. Elizabeth Sweetser

Robert G. Stevens Jr.**
Michael D. Brottman**
Lindsey Moskowitz Medvin**
Mark A. Fisher
Robert L. Lakind***
Thomas J. Manzo**
Carley Ward**
Melissa A. Chimbangu
Kathleen O'Brien
Steven A. Lipstein**
Yarona Y. Liang#
Brian A. Heyesey
Mengyi "Jason" Ye
John O'Leary***
Christopher S. Myles

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
#NY Bar
†U.S. Patent & Trademark Office

October 26, 2015

Honorable Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Redus-Tarchis v. New York Life Inv. Mgmt., LLC*,
      <u>Civil No. 2:14-cv-07991-WHW-CLW (D.N.J.)</u>

Dear Judge Waldor:

We represent plaintiffs Cynthia Ann Redus-Tarchis, Fredric and Bonnie Oliver, and Michael Patti (together, "Plaintiffs") in the above-captioned action, and respectfully submit this letter in response to the letter filed on October 20, 2015 by Defendant New York Life Investment Management, LLC ("Defendant") requesting an adjournment of the initial conference scheduled for November 2, 2015 (the "Initial Conference").

Plaintiffs proposed that if Defendant agreed to produce certain limited categories of documents in the interim, they would agree to an adjournment of the Initial Conference.[1] Specifically, Plaintiffs proposed that Defendant produce the materials provided to the Board of Directors/Trustees of the MainStay Marketfield Fund, the MainStay Large Cap Growth Fund, the MainStay High Yield Corporate Bond Fund, and the MainStay High Yield Opportunities Fund (together, the "Funds") in connection with its annual approval of the investment advisory fees paid by the Funds to Defendant, as well as minutes of Board meetings relating to such approval. *See generally* Am. Compl. ¶¶ 29-30, 125-137 (Dkt. No. 26). These documents, known as "Board materials," or "15(c) materials," contain information that would enable Plaintiffs to proceed with additional discovery requests more quickly and to tailor those requests more closely to key issues, events, custodians, and witnesses.

---

[1]   Plaintiffs propose, in any event, that the submission of a Joint Discovery Plan as contemplated by the Court's June 22, 2015 Order (Dkt. No. 33) go forward.

1867191.1

SZAFERMAN
LAKIND

October 26, 2015
Page 2

Board materials must be preserved in an easily accessible place for at least two years, *see* 17 C.F.R. § 270.31a-2(a)(6). Therefore, they are not burdensome to collect, and such materials typically are not overly voluminous or time-consuming to review.

Defendant rejected Plaintiffs' proposal and effectively seeks to stay all discovery in this action—including the limited, targeted discovery proposed by Plaintiffs—but fails to establish "good cause" for a stay of discovery as required by Fed. R. Civ. P. 26(c). *See Maher Terminals, LLC v. Port Auth. of N.Y. and N.J.*, Civ. No. 12-6090-KM-MAH, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) ("[T]he Court may stay discovery pending determination of a motion to dismiss only on a showing of 'good cause' by the party requesting the stay."); *Coyle v. Hornell Brewing Co.*, Civ. No. 08-2797-JBS-JS, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009).

While the Court has broad discretion to manage its docket and decide discovery issues, stays of discovery are "not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle*, 2009 WL 1652399, at *3 (internal quotations omitted).

"[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007). Moreover, Defendant's motion to dismiss (Dkt. No. 31) does not dictate a "clear and unmistakable result" in favor of Defendant, as required to justify a stay of discovery. *See Maher Terminals*, 2013 WL 2253532, at *3; *Gerald Chamales Corp.*, 247 F.R.D. at 454. This is demonstrated by the overwhelming weight of authority upholding claims similar to those asserted here. *See* Plaintiffs' Opp. to Mot. to Dismiss at 10-11 (Dkt. No. 34).

As set forth in Plaintiffs' Opposition, the allegations in the Amended Complaint are sufficient to state a claim under Fed. R. Civ. P. 8(a). Defendant's arguments in support of dismissal are contrary to applicable law and raise questions of fact which implicate a need for discovery. Defendant's speculation about the outcome of the motion to dismiss and the potential impact on discovery if the motion is granted does not warrant a stay of discovery. *See Maher Terminals*, 2013 WL 2253532, at *2-*3 (rejecting argument that discovery would be rendered unnecessary if motion to dismiss were granted; "'[T]his Court does not believe the issuance of a protective order should depend upon its prediction of how the District Judge will decide defendants' dispositive motion.'") (quoting *Gerald Chamales Corp.*, 247 F.R.D. at 454).

Nor does Defendant make any showing that production of the Board materials—the only documents Plaintiffs seek to have produced during the pendency of the motion to dismiss—would be unduly burdensome or otherwise inappropriate. *See id.* at *3 ("[D]efendants fail to satisfy the good cause standard because they provide no evidence that proceeding with discovery will be 'unduly' burdensome.").

Plaintiffs also propose serving subpoenas or document retention notices on certain non-parties, including the Funds, the Funds' Directors/Trustees and the Sub-contractors. Such

1867191.1



October 26, 2015
Page 3

discovery would enable Plaintiffs to protect their ability to obtain important discovery from non-parties. However, Plaintiffs agree not to seek production of the documents from the non-parties pending the decision on the motion to dismiss, they just want to serve their subpoenas/document preservation notices to ensure that the third parties preserve the documents Plaintiffs will ultimately seek from them.

In light of Defendant's failure to establish good cause for a stay of discovery, Plaintiffs respectfully request that, if the Court adjourns the Initial Conference and the submission of a Joint Discovery Plan pending resolution of the motion to dismiss, the Court should order Defendant to produce the Board materials requested herein within 30 days after entry of such order and allow Plaintiffs to serve subpoenas and preservation notices on certain non-parties.

Respectfully submitted,

/s/ Robert Lakind
Robert Lakind

cc: All counsel via ECF

1867191.1