UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA ANN REDUS-TARCHIS, FREDRIC and BONNIE OLIVER, and MICHAEL PATTI,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INVESTMENT MANAGEMENT, LLC,<br><br>Defendant. | Civil No. 2:14-cv-07991-WHW-CLW<br><br><br>_Scheduling Order_ |

1. For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

   Counsel for Plaintiffs:

   Arnold C. Lakind
   Robert L. Lakind
   Daniel S. Sweetser
   Szaferman, Lakind, Blumstein & Blader, P.C.
   101 Grovers Mill Road, Suite 200
   Lawrenceville, New Jersey 08648
   Phone: (609) 275-0400
   Fax: (609) 275-4511
   ALakind@Szaferman.com
   RLakind@Szaferman.com
   DSweetser@Szaferman.com

   Robin F. Zwerling
   Jeffrey C. Zwerling
   Susan Salvetti
   Andrew W. Robertson
   Zwerling, Schachter & Zwerling, LLP
   41 Madison Avenue

New York, New York 10010
Phone: (212) 223-3900
Fax: (212) 371-5969
rzwerling@zsz.com
jzwerling@zsz.com
ssalvetti@zsz.com
arobertson@zsz.com

Counsel for Defendant:

Liza M. Walsh
Katelyn O'Reilly
Connell Foley LLP
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, NJ 07102
Phone: (973) 757-1100
Fax: (973) 757-1090
LWalsh@connellfoley.com
KOreilly@connellfoley.com

James O. Fleckner
David Rosenberg
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
Phone: (617) 570-1000
Fax: (617) 523-1231
jfleckner@goodwinprocter.com
drosenberg@goodwinprocter.com

Mary K. Dulka
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
Phone: (212) 813-8800
Fax: (646) 558-4086
mdulka@goodwinprocter.com

(c)  Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures: __December 7, 2015__

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): __December 7, 2015__

(3) Service of initial written discovery:

The parties have agreed that NYLIM will make an initial production of documents within 30 days after the Initial Conference (*i.e.*, no later than December 16, 2015) without awaiting a formal document request from Plaintiffs. NYLIM's initial production will include the materials provided to the Board in connection with its annual approval of the investment management fees charged to the Funds for each year from January 1, 2013 to the present, as well as minutes of Board meetings relating to such approval. *See* 17 C.F.R. § 270.31a-2(a)(6).

Plaintiffs anticipate serving one or more document requests after receiving NYLIM's initial production. Plaintiffs also anticipate serving interrogatories after reviewing NYLIM's initial production.

Defendant anticipates serving document requests on Plaintiffs during the fact discovery period, and may serve interrogatories after reviewing that production.

The parties agree that written discovery requests may be served at any time prior to 30 days before the close of fact discovery.

(4) Maximum of __35__ interrogatories by Plaintiffs to Defendants and by Defendants to Plaintiffs.

(5) Maximum of __15__ depositions to be taken by Plaintiffs and a maximum of __15__ depositions to be taken by Defendants.

The parties agree that additional depositions beyond the 10 depositions contemplated under Fed. R. Civ. P. 30 are appropriate in view of the nature and scope of Plaintiffs' claims, as well as the number of potential party and non-party witnesses. The proposed limit of 15 depositions is the result of a compromise between the parties, as Plaintiffs initially proposed that they be permitted more than 15 depositions. Plaintiffs continue to believe that more than 15 depositions may be necessary and reserve the right to seek additional depositions at an appropriate time.

(6) Motions to amend or to add parties to be filed by _____.

The parties disagree about the deadline for motions to amend or to add parties, and their respective positions are set forth below.

Plaintiffs propose that the deadline to amend the pleadings be set for 30 days after the close of fact discovery so that plaintiffs will have the opportunity to amend the pleadings to conform to the evidence adduced in discovery.

Defendant proposes that the deadline to amend the pleadings be set as ~~April 7~~, *October 14, 2016*

(7) Factual discovery to be completed by January 18, 2017.

The parties agree that NYLIM will produce documents, including ESI, in response to Plaintiffs' document requests on a rolling basis.

The 14-month fact discovery period proposed by the parties is well within the range of what has been required to complete fact discovery in other recent cases under Section 36(b) in this District. *See Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-cv-4194 (PGS) (DEA) (D.N.J.) (18 months of fact discovery); *Kasilag v. Hartford Inv. Fin. Servs., LLC*, No. 11-cv-1083 (RMB) (KMW) (D.N.J.) (22 months of fact discovery).

Plaintiffs believe that, in order to complete fact discovery within the 14-month period proposed by the parties, NYLIM will need to complete its production

of documents within 6 months after the Initial Conference. Production of documents within this timeframe would leave 8 months for Plaintiffs to review the relevant documents and complete depositions and other follow-up discovery. In the event NYLIM does not produce documents within this timeframe, an adjustment to the fact discovery deadline may be necessary.

Defendant states that its ability to produce documents within the 6 month period suggested by Plaintiffs is affected by, among other things, the timing of when Plaintiffs serve their document requests and when the parties reach an agreement on custodians and search terms. Defendant further reserves its right to object to any extension of the fact discovery deadline requested by Plaintiffs.

(8) Plaintiffs' expert reports due 45 days after the close of fact discovery.

(9) Defendant's expert reports due 45 days after service of Plaintiffs' expert reports.

(10) Plaintiffs' rebuttal reports due 30 days after service of Defendant's expert reports.

(11) Expert depositions to be completed no later than 30 days after service of Plaintiffs' rebuttal report.

(12) Dispositive motions to be served no later than 60 days after completion of fact and expert discovery.

(13) The settlement conference may take place on [intentionally left blank].

(14) The final conference may take place on [intentionally left blank].

(d) Set forth any special discovery mechanisms or procedures requested.

None.

(e) A pretrial conference may take place on [intentionally left blank].

(f) Trial date: [intentionally left blank] (__) Jury Trial; (____) Non-Jury Trial

*So* ORDERED:
*[signature] Cathy L. Waldor*
11/16/15